**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ANDREW LEE FLOWERS JR.**, | |
| Plaintiff, | |
| v. | No. 1:19-cv-06423 |
| **WEXFORD HEALTH SOURCES, INC.**; **PATRICIA BURKE, M.D.**, sued in her individual capacity; **CLAUDE OWIKOTI**, sued in his individual capacity; **MICHAEL RUSSELL, O.D.**, sued in his individual capacity; **KRISTA HYATT-TORRES**, sued in her individual capacity; **DEBORAH MCCALLUM**, sued in her individual capacity; **JESSICA ORTEGON**, sued in her individual capacity; **VICTORIA PLUMMER**, sued in her individual capacity; **MELISSA D. LAMESCH**, sued in her individual capacity; and **JOHN DOES**, currently unknown employees of the Illinois Department of Corrections or Wexford Health Sources, Inc., | Honorable Robert W. Gettleman |
| Defendant. | |

## JOINT STATUS REPORT

Plaintiff Andrew Lee Flowers, Jr. and Defendants Wexford Health Sources, Inc.

("Wexford"), Patricia Burke, M.D., Claude Owikoti, Michael Russel, O.D., Krista Hyatt-Torres,

Deborah McCallum Jessica Ortegon, Victoria Plummer and Melissa D. Lamesch respectfully

submit the following joint initial status report in accordance with the Order Setting Initial Status

Report for Cases Assigned to Judge Gettleman and Federal Rule of Civil Procedure Rule 26(f).

**A.  The date and time this matter is set for a status report before the Court.**

The Court has ordered that the parties file a Joint Status Report by June 19, 2020.

**B. The attorneys of record for each party, indicating which attorney is expected to try the case.**

The attorney of record for Plaintiff is Aaron A. Barlow of Jenner & Block LLP.  He is expected to try the case on behalf of Plaintiff along with one or more associates or partners from Jenner & Block.

The attorneys of record for Wexford, Dr. Burke, Mr. Owikoti, Ms. Ortegon, Ms. Plummer and Ms. Lamesch are Robert S. Tengesdal and Somin Jun of Bollinger Connolly Krause LLC.  They are expected to try the case on behalf of these defendants.

The attorney of record for Mr. Russell is Deborah Benzing of Meachum, Boyle, Trafman, Marek & Parker.  She is expected to try the case on behalf of Mr. Russell.

The attorney of record for Ms. Hyatt-Torres and Ms. McCallum is Helen A. Lozano of the Illinois Attorney General's office.  She is expected to try the case on behalf of these defendants.

**C. The basis of federal jurisdiction.**

This Court has federal jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367.  This Court has personal jurisdiction over Defendants because the incident giving rise to these claims occurred in this district, and Defendants reside and are employed in this district.

**D. Whether a jury has been requested and by which party.**

Plaintiff and Defendants request a jury.

**E. The nature of the claims asserted in the complaint and any counterclaim, including a brief statement of the factual context of the case, along with a description of any affirmative defenses.**

Plaintiff brings this action under 42 U.S.C. § 1983 and the U.S. Constitution because of violations of Plaintiff's civil rights through deliberate indifference in failing to meaningfully treat Plaintiff's eye.  According to Plaintiff's Complaint, Defendants failed and refused to provide

2

Plaintiff with meaningful treatment, prescribed medications, access to necessary specialists and other treatment.

Wexford medical Defendants contend as follows: They complied with the applicable standard of care in treating Mr. Flowers. They did not delay, deny or withhold any necessary medical treatment to Mr. Flowers. During care by the defendants, Plaintiff was never at a serious risk of injury. Any injury Plaintiff may have suffered was not causally related to any treatment or lack of treatment by defendants.

Wexford medical Defendants asserted affirmative defenses of qualified immunity, official capacity claim barred, injunctive relief barred, failure to follow medical advice.

Defendant, Dr. Michael Russell, asserts as follows: Defendant Russell complied with the applicable standard of care in treating Mr. Flowers. Defendant Russell did not delay, deny or withhold any necessary medical treatment to Mr. Flowers. During care by the defendant, Plaintiff was never at a serious risk of injury. Any injury Plaintiff may have suffered was not causally related to any treatment or lack of treatment by defendant, Dr. Michael Russell.

Defendant, Dr. Michael Russell, asserted affirmative defenses of qualified immunity, official capacity claim barred, injunctive relief barred, plaintiff's failure to follow medical advice and exercise reasonable care.

**F. The relief sought by any party, including computation of damages, if available.**

Plaintiff seeks compensatory and punitive damages from Defendants in an amount to be determined at trial, as well as costs, fees, and other such relief as this Court deems appropriate.

**G. The name of any party who or which has not been served, and any fact or circumstance related to service of process on such party.**

Plaintiff believes he has identified all parties who should be named as defendants in this action. However, there is a possibility that additional medical providers or other defendants may be identified in discovery. Consequently, Plaintiff has included a reference to Defendant John Does in the caption of the case. Plaintiff expects to confirm the identities of any remaining Defendants early in discovery in this action.

**H. The principal legal issues (including the citation to any key legal authority related to such issue).**

Whether Defendants violated Plaintiff's Eighth and Fourteenth Amendment right to be free of cruel and unusual punishment by acting with deliberate indifference towards Plaintiff's serious medical need.

**I. The principal factual issues, including the parties' respective positions on those issues.**

Whether Defendants were deliberately indifferent to Plaintiff's serious medical need due to the condition of Plaintiff's eye at the time the Defendants were responsible for Plaintiff's medical needs.

Whether Wexford medical defendants were or were not deliberately indifferent in that they complied with the applicable standard of care in treatment of Mr. Flowers pre-existing eye conditions. Whether there is anything that the Wexford defendants did or failed to do that caused or contributed to any injury or pain to Mr. Flowers.

Whether Defendant, Dr. Michael Russell, was or was not deliberately indifferent in that he complied at all times with the applicable standard of care in treatment of Mr. Flowers pre-existing eye conditions. Whether there is anything that the Defendant, Dr. Michael Russell, did or failed to do that caused or contributed to any injury or pain to Mr. Flowers.

**J.   A brief description of all anticipated motions.**

The parties anticipate seeking the entry of a Qualified Protective Order.  The form of that order is currently in dispute.  While Plaintiff expects to file pre-trial motions at the appropriate time, Plaintiff does not anticipate any other specific motions at this time.

The Defendants plan on submitting the Northern District of Illinois Model Qualified Protective Order.  Plaintiff believes the Model Qualified Protective Order of the Northern District of Illinois requires a minor modification to address the circumstances of this case.

Wexford medical Defendants anticipate filing of dispositive motions consistent with this courts scheduling orders.  Defendants, Dr. Michael Russell, Krista Hyatt-Torres, and Deborah McCallum, also anticipate filing dispositive motions in accordance with the court's scheduling orders.

**K.   A proposed discovery plan pursuant to F. R. Civ. P. 26(f), including a brief description of what discovery has been taken, if any, what remains to be taken, a schedule for expert designations and discovery, and a proposed discovery cutoff.**

Plaintiff has taken some document discovery from the Sheridan Correctional Center and the Kane County Jail.  Otherwise, no formal discovery has yet been taken.  The parties anticipate serving written discovery, deposing the individuals identified in their Rule 26(a)(1) Initial Disclosures and subsequent disclosures after Plaintiff identifies his non-party medical treating medical providers, and retaining experts as needed.

The parties propose the following agreed initial schedule:

Initial Disclosures – June 1, 2020

Parties serve initial written discovery – June 8, 2020

Fact discovery close – May 18, 2021

Opening expert reports – June 16, 2021

Rebuttal expert reports – July 21, 2021

Close of expert discovery – September 22, 2021

Dispositive motions – October 28, 2021

**L. The earliest date the parties would be ready for trial and the probable length of trial.**

At this early stage of the case, the parties anticipate being ready for trial by fall/winter

2021-2022.  The parties anticipate that the trial will last approximately two weeks.

**M. The status of any settlement discussions and whether a settlement conference would be appropriate.  In this regard, counsel are directed to consider and discuss with their respective clients and each other the possibility of attempting to resolve this matter through alternative dispute resolution (ADR), and to briefly set forth the results of such consideration and discussion.**

The parties have not yet engaged in settlement discussions.

**N. Whether the parties will consent to trial before a magistrate judge.**

The parties do not consent to proceed before a magistrate judge at this time.

By:  /s/ Robert S. Tengesdal
    Robert S. Tengesdal
    Bollinger Connolly Krause LLC
    500 West Madison Street, S. 2430
    Chicago, Illinois 60661
    (312)253-6200
    Rtengesdal@bollingertrial.com

    *Attorneys for Patricia Burke, M.D., Melissa Lamesch, Claude Owikoti, Wexford Health Sources, Inc., Jessica Ortegon and  Victoria Plummer*

By: /s/ Deborah A. Benzing
    Deborah A. Benzing
    Law Office of Meachum, Boyle, Trafman, Marek & Parker
    225 West Washington St., Suite 500
    Chicago, IL 60606
    (312) 726-6317
    deborah.benzing@libertymutual.com

    *Attorney for Defendant, Michael Russell, O.D.*

By:  /s/ Aaron A. Barlow
    Aaron A. Barlow
    Jenner & Block LLP
    353 N. Clark Street
    Chicago, IL  60654-3456
    (312) 222-9350
    abarlow@jenner.com

    *Attorney for Plaintiff*
    *Andrew Lee Flowers, Jr*

By: /s/ Helen A. Lozano
   Helen A. Lozano
   Office of the Illinois Attorney General
   100 West Randolph Street, 13th Floor
   Chicago, Illinois 60601
   (312) 814-6594
   HLozano@atg.state.il.us

   *Attorney for Krista Hyatt-Torres and*
   *Deborah McCallum*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 29, 2020, I caused a true and correct copy of the foregoing to

be electronically served on counsel of record via the Court's CM/ECF system.


/s/ Aaron A. Barlow
Aaron A. Barlow