IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW LEE FLOWERS, JR., ) | |
| ) | |
| Plaintiff, ) | Case No. 19 C 6423 |
| ) | |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| WEXFORD HEALTH SOURCES, INC.; ) | |
| PATRICIA BURKE, M.D., sued in her individual ) | |
| capacity; CLAUDE OWIKOTI, sued in his ) | |
| individual capacity; MICHAEL RUSSELL, O.D., ) | |
| sued in his individual capacity; KRISTA ) | |
| HYATT-TORRES, sued in her individual capacity; ) | |
| DEBORAH MCCALLUM, sued in her individual ) | |
| capacity; JESSICA ORTEGON, sued in her ) | |
| individual capacity; VICTORIA PLUMMER, sued ) | |
| in her individual capacity; and MELISSA D. ) | |
| LAMESCH, sued in her individual capacity; ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Andrew Lee Flowers brought a pro se complaint against Stateville Correctional Center, Sheridan Correctional Center, and Kane County Jail, attempting to assert claims for negligence, physical injury, emotional stress, and pain and suffering, based on the named defendants' failure to provide him with his required medication after his arrest on an outstanding warrant. The court dismissed his pro se complaint without prejudice and recruited counsel to represent him. His initial recruited counsel filed an amended complaint, but then had to withdraw as a result of a conflict. The court then recruited attorneys from the Jenner & Block firm to represent plaintiff. Those attorneys filed a second amended complaint naming defendants Wexford Health Sources, Inc., Patricia Burke, MD, Claude Owikoti, Michale Russekk, OD, Krista Hyatt-Torres, Deborah McCallum, Jessica Ortegon, Victoria Plummer, and Melissa D. Lamesch,

asserting claims for violating the Eighth Amendment and Fourteenth Amendments. The parties proceeded with discovery, and plaintiff the sought and was granted leave to file a third amended complaint adding state law negligence claims against Drs. Burke and Russel. Dr. Burke has now moved under Fed. R. Civ. 12(b)(6) to dismiss the claims against her. Wexford has filed a separate motion seeking to dismiss counts III and IV, which assert negligence and respondeat superior claims against it. Both motions are granted in part and denied in part.

## BACKGROUND

Plaintiff alleges that sometime in January 2018, he was arrested and incarcerated in Kane County Jail. Prior to being taken into custody, plaintiff had cornea transplant and cataract removal surgery. He was prescribed eye medications. He had his eye medications with him when arrested, but the medical staff confiscated them during the intake procedure. He informed the staff that he had recently had surgery and needed the medications. He alleges that Dr. Burke, Ms. Lamesch and Ms. Plummer were aware of his recent surgery but failed to determine what medication he had been prescribed and failed to contact his surgeon. While at Kane County Jail he never received his medication.

On January 18, 2018, plaintiff was transferred to Stateville Correctional Center. During intake he informed the medical staff of his surgery and need for medication. He did not receive all of his medications. On February 8, 2018, plaintiff was transferred to Sheridan Correctional Center. During intake he requested to see a doctor immediately and informed the medical staff of his surgery and that he had not been receiving his medications. While at Sheridan he did not receive all of his necessary medications. Sometime in May 2018, he went to the University of Illinois Medical Center and was informed that the corneal transplant had failed, and he was

2

diagnosed with ocular hypertension due to a lapse in treatment. Plaintiff alleges that defendants have deliberately delayed his treatment and delayed him access to appropriate medical care.

## DISCUSSION

Dr. Burke has moved to dismiss the counts asserted against her for failure to state a claim. The Third Amended Complaint contains three counts against Dr. Burke. Counts I and II assert deliberate indifference claims under the Eighth and Fourteenth Amendments. Count III is a state law negligence claim. Dr. Burke argues that Counts I and II should be dismissed for plaintiff's failure to exhaust administrative remedies required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and Count III fails to set forth the essential elements of an Illinois medical negligence claim. The court disagrees.

The PLRA requires a plaintiff to exhaust available administrative remedies as a prerequisite to filing a federal lawsuit for damages. It provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Failure to exhaust is an affirmative defense, and the burden is on the defendant to demonstrate that the plaintiff has not exhausted his or her available remedies. Turley v. Rednour, 729 F.3d 645. 650 (7th Cir. 2013).

The Seventh Circuit takes a "strict compliance" approach to the exhaustion requirement, interpreting the PLRA to require a prisoner to use the institution's grievance process by following the specific rules and procedures. The prisoner must exhaust administrative remedies even if he believes that the process is futile or requests relief that the administrative body does not have the power to grant. Pierce v. Cook County, 2104 WL 437623, *2 (N.D. Ill. Sept. 4,

3

2014) (citing Dole v. Chandler, 438 F.3d 804, 808-09 (7th Cir. 2013)). The duty to exhaust is limited, however, to those remedies that "are available in fact and not merely in form." Schultz v.Pugh, 728 F.3d 619, 620 (7th Cir. 2013). "[A] remedy becomes unavailable if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole. 438 F.3d at 809.

Because the statutory goal of the PLRA is to spare federal courts the burden of prisoner litigation until and unless the prisoner has exhausted his administrative remedies, ordinarily exhaustion is a treated as a threshold issue that the court should decide before reaching the merits of the case. Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008). Indeed, the Seventh Circuit has set out the sequence to be followed when exhaustion is contested: 1) the district judge permits discovery on the exhaustion issues and conducts an evidentiary hearing; 2) the judge then decides if the prisoner has exhausted, and if not, whether the prisoner was at fault and the case ends or whether the prisoner can go back and exhaust. Id.

In the instant case, Dr. Burke has raised the exhaustion issue for the first time in a motion to dismiss the third amended complaint. She never pled failure to exhaust as an affirmative defense in her answers to the first three complaints, however, and plaintiff has no obligation to plead that he has exhausted. Id. at 741. Failure to plead an affirmative defense "may result in a waiver of the defense if the defendant has relinquished it knowingly and intelligently, or forfeiture if the defendant merely failed to preserve the defense by pleading it." Reed v. Columbia St. Mary's Hosp., 915 F.3d 473, 478 (7th Cir. 1997). But, failure to plead an affirmative defense in an answer generally works as a forfeiture "only if the plaintiff is harmed by the defendant's delay in asserting it." Id.

4

In the instant case, Dr. Burke's delay in raising the exhaustion issue has caused plaintiff significant prejudice. The whole purpose of the requirement is to weed out cases before entering costly discovery on the merits. The two federal counts that Dr. Buke claims are not exhausted were alleged in each of the preceding complaints. Dr. Burke answered each of those complaints, raised a number of affirmative defenses, but never raised exhaustion. Fact discovery, which has been extensive, has now closed. Thus, the court concludes that she has forfeited this defense.

Relying on <u>Massey v. Helman</u>, 196 F. 3d 727, 735 (7th Cir 1999), Dr. Burke argues that by filing the third amended complaint, the new complaint supercedes all previous complaints and controls the case from that point on. It is true that <u>Massey</u> states that "[b]ecause a plaintiff's new complaint wipes away prior pleadings, the amended complaint opens the door for defendants to raise new and previously unmentioned affirmative defenses." <u>Id.</u> The Seventh Circuit has cautioned, however, that this sentence should not be read in isolation. "We meant that the <u>particular amended complaint at issue</u> opened the door for new affirmative defenses because of how significantly it changed the scope of the litigation." <u>Burton v. Ghosh</u>, 961 F.3f 960, 967 (7th Cir. 2020) (emphasis in original). "<u>Massey</u> is best understood as an application of Rule 15(a)(2): when an amended complaint fundamentally changes the scope or theory of the case, the interests of justice will generally allow a new, relevant affirmative defense to be asserted. This is just a different articulation of the principle that an unpleaded defense is not forfeited when raised promptly once its availability becomes apparent." <u>Id.</u> Because the third amended complaint has not changed the scope or theory of Counts I and II, <u>Massey</u> is inapplicable. Consequently, Dr. Burke's motion to dismiss Counts I and II is denied.

Dr. Burke has also moved to dismiss Count III which is a state law claim for medical

malpractice. Dr. Burke argues that plaintiff has failed to plead the essential elements of the claim. Once again the court disagrees. The motion is brought under Fed. R. Civ. P. 12(b)(6). To survive such a motion, a complaint must contain "enough factual matter (taken as true)" to suggest that a plaintiff is entitled to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). The complaint must include "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

In the instant case Dr. Burke argues that the complaint alleges that she failed to provide plaintiff with the duty of care owed to prisoners in [her] care," rather than alleging that she failed to provide the "applicable standard of care in the medical community." See Johnson v. Ingalls Mem. Hosp., 931 N.E.2d 835, 847 (1st Dis. 2010). Johnson, however, involved what a plaintiff must show to sustain a medical malpractice action, not what must be pled. Plaintiff's complaint is governed by Fed. R. Civ. P. 8(a) which requires a short and plain statement of the claim with sufficient factual content to suggest that he is entitled to relief. Plaintiff's complaint does just that, alleging that Dr. Burke was aware of his surgery but failed to provide the necessary medications. Those allegations are sufficient to plausibly suggest that she breached the applicable standard of care.

Dr. Burke has also argued that the court should dismiss any claim in Count III for punitive damages. The court agrees. Punitive damages are not available in "any action, whether in tort,

6

contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice." 735 ILCS 5/2-2115.

Wexford also argues that Count III should be dismissed for the same reasons as Dr. Burke, namely that the count fails to identify the proper standard of care. The court rejects this argument for the reasons described above. Wexford is correct, however, that Count IV, which alleges a claim for respondeat superior, is not properly brought as a separate count and must be dismissed. See Armbruster v. Wexford Health Sources, Inc., 2017 WL 2619032 at * 3 (S.D. Ill. June 16, 2017) (and cases cited therein). Consequently, the court dismisses Count IV.

## CONCLUSION

For the reasons described above, Dr. Burke's motion to dismiss [Doc. 155] is denied except for any claim in Count III for punitive damages. Wexford's motion to dismiss [Doc. 153] is denied as to Count III and granted as to Count IV. Wexford is ordered to answer Count III and Dr. Burke is ordered to answer the third amended complaint by September 3, 2021.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE: August 5, 2021**